IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JUDY SHEINDLIN,

           Plaintiff,

   v.

ACCELERATE360, LLC, and A360
MEDIA, LLC,

           Defendants.

_____

**Civil Action No.**

2:24-cv-00553-JLB-NPM

**PLAINTIFF'S UNOPPOSED MOTION TO SEAL AND MEMORANDUM
IN SUPPORT**

Pursuant to Local Rule 1.11 and the Civil Action Order, Dkt. 10, Plaintiff, by and through her underdesignated counsel, hereby respectfully requests that the Court grants her leave to file under seal limited portions of her Opposition to Motion for Summary Judgment and her Opposition to Motion *in limine* to exclude the report and testimony of Sameer Somal, Dkts. 95, 96, and the accompanying exhibits, as the limited portions implicate confidential personal information and proprietary business information.  Defendants have already moved to seal much of this information, which Plaintiff joins in requesting that the Court seal.  There are few

1

items which are similar in nature to this information which Plaintiff is filing that Defendants have not, that Plaintiff also requests that the Court seal.[1]

## MEMORANDUM OF LAW

Plaintiff filed her oppositions to Defendants' Motion for Summary Judgment and Motion *in limine* to exclude the report and testimony of Sameer Somal, along with exhibits to each. Dkts. 95, 96. The majority of the two oppositions and their attached exhibits have been filed publicly, but there a few pieces of evidence and discussion referring to them that Plaintiff, along with Defendants, believe require sealing to protect the confidential financial information of Defendants, Plaintiff, and proprietary business information of Defendants and non-party witness Yahoo, and private contact information of Plaintiff and non-party individual witnesses.

Plaintiff seeks to file under seal unredacted copies of the following, which are current filed under redaction in the public docket:

1.    Portions of the deposition of Plaintiff that discuss a confidential settlement agreement, includes private compensation information, and would reveal

---

[1] For the convenience of the Court, Plaintiff notes that the only items that Plaintiff seeks to seal in addition to Defendants' motion to seal, Dkt. 87, are 1) portions of MSJ Opp. Ex. 10 (that discuss a confidential settlement agreement) and the discussion of it in the MSJ Opp. at 4, 27, 2) MSJ Opp. Ex. 13 (Defendants' Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories) and the discussion of it in the MSJ Opp. at 6, 13, and 3) MSJ Opp. Ex. 25 (non-party *Yahoo*'s responses and objections to Plaintiff's subpoena) and the discussion of it in the MSJ Opp. at 19 n.4.

her personal email address.  MSJ Opp. Ex. 1 at 68:2-69:25, 96:14-16, 97:3-103:20, 173:2-25, 187:9-23, (Ex. 28), (Ex. 36), (Ex. 38).

2. Portions of the deposition of James Robertson, as corporate representative of Defendants that discuss a confidential settlement agreement, financial information of Defendants, and proprietary commercial information about the operations of Defendants.  MSJ Opp. Ex. 3 (MIL Opp. Ex. 4) at 24:4-25:22, 90:3-91:11, 92:12-14, 92:24-94:12, 95:10-19, 98:8-22, 133:2-136:25, (Ex. 3), (Ex. 4), (Ex. 16 at p. 1), (Ex. 18 at p. 2), (Ex. 32), (Ex. 33).

3. Portions of the MSJ opposition discussing the confidential settlement agreement, as well as the agreement itself.  MSJ Opp. at 4, 27, MSJ Opp. Ex. 5.

4. Exhibits to the deposition of Michael Jaccarino that include the personal cell phone number of a non-party witness and proprietary business information of Defendants.  MSJ Opp. Ex. 8 (Ex. 12). (Ex. 13), (Ex. 14), (Ex. 15).

5. Portions of the deposition of Michael Hammer discussing the proprietary business information of Defendants.  MSJ Opp. Ex. 10 at 29:2-30:16, (Ex. 2).

6. Portions of the MSJ opposition discussing Defendants' Second Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories

containing proprietary business information of Defendants and the responses and objections themselves. MSJ Opp. at 6, 13, MSJ Opp. Ex. 13.

7. Portions of the MSJ opposition discussing non-party witness Yahoo's response to Plaintiff's subpoena containing proprietary business information of Yahoo and the responses themselves. MSJ Opp. at 19 n.4, MSJ Opp. Ex. 25.

8. Portions of the appendix to the report of Sameer Somal which contain proprietary business information of Defendants. MIL Opp. Ex. 6 at (Ex. 4, Appendix A at 201-202, 213-17, 223-232, 254, 260-269, 300-16, 334-50, 367-82, 399-414).

With the exceptions of MSJ Opp. Exs. 5, 13 and 25, all of these documents have been filed publicly, with limited redactions to protect the confidential information referenced above. Plaintiff seeks the Court's leave to file unredacted versions of those documents under seal, for the Court's consideration.

**I.     ARGUMENT**

Generally, material filed "in connection with any substantive pretrial motion . . . is subject to the common law right of access," but this "common law right of access may be overcome by a showing of good cause," which requires balancing "the public interest in accessing court documents against a party's interest in keeping the information confidential," considering factors such as "whether allowing access

4

would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (cleaned up); *see also* Local Rule 1.11.

There is good cause to seal the materials requested in this motion. Defendants do not oppose this motion, and the parties have conferred to identify and minimize the material requested to be sealed.

*A. There is Good Cause*

Plaintiff agrees with the analysis laid out by Defendants in their motion to seal, Dkt. 87 at 5-7, that there is good cause to seal the materials enumerated in this motion. The information that Defendants have already sought to seal, some of which are reiterated here, and the new material that Plaintiff seeks to seal broadly fall under three categories: 1) personal contact information, 2) proprietary financial and business information, and 3) confidential agreements. *Supra* pp. 2-4. As Defendants rightfully note, all three of these categories are generally subject to seal under existing case law. *See* Dkt. 87 at 5 (citing *Allgood v. Paperlesspay Corp.*, No. 3:20-CV-516-MMH-MCR, 2021 WL 3887558, at *2 (M.D. Fla. June 4, 2021); *Wyndham Vacation Ownership, Inc.*, No. 619CV1908ORL78EJK, 2020 WL 13862027, at *1

(M.D. Fla. Sept. 16, 2020); *DeCurtis LLC v. Carnival Corp.*, No. 620CV607ORL40LRH, 2020 WL 6827996, at *2 (M.D. Fla. Apr. 27, 2020)).

Finally, there is no "less onerous alternative to sealing the documents" available. *Romero*, 480 F.3d at 1246.

*B. Local Rule 1.11 Is Satisfied By This Motion*

This motion complies with Local Rule 1.11. It describes the items to be sealed. L.R. 1.11(b)(2), *supra* pp. 2-4. The materials need to be filed to fully brief the Court on Defendants' motion for summary judgment and motion *in limine*, or are required by the Court's preferences on complete deposition transcripts and exhibits. L.R. 1.11(b)(3)(A). The items need to be sealed because they are personal contact information, proprietary financial and business information, or confidential agreements. *Supra* pp. 4-6, L.R. 1.11(b)(3)(B). There is no other means other than sealing that is satisfactory without impairing support for important potentially dispositive briefing. L.R. 1.11(b)(3)(C).

Plaintiff proposes that the seal should be permanent, as the confidentiality interests described above are not time limited. Should the Court find that temporal scope onerous, Plaintiff respectfully requests that the seal last at least 90 days after the final disposition of this case. L.R. 1.11(b)(5).

There are no sealed tangible items, and contemporaneously with this motion, Plaintiff will serve Defendants by counsel the unredacted materials. L.R. 1.11(b)(6).

Non-parties Yahoo and Michael Hammer have an interest in maintaining the seals. L.R. 1.11(b)(7). Yahoo can be contacted through its Associate General Counsel, Heather Goldman, 11955 Democracy Drive, Reston, VA 20190, heather.goldman@yahooinc.com, 646-483- 0887. Mr. Hammer can be contacted through Defendants' counsel. Plaintiff will serve Yahoo's Associate General Counsel, and Mr. Hammer (though Defendants' counsel) with this motion by email.

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this unopposed motion, grant Plaintiff leave to file under seal unredacted copies of the documents referenced herein, and provide such other and further relief as the Court sees fit.

Dated: January 5, 2026

*/s/ Vincent Li*
Vincent H. Li
ELLIS GEORGE LLP
152 West 57th Street, 28th Floor New York,
New York 10019
Telephone: (212) 413-2600
Facsimile: (212) 413-2629
vli@ellisgeoge.com

*Attorney for Plaintiff Judy Sheindlin*

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY that on January 5, 2026, all parties conferred in a good faith effort to resolve the issues raised by this motion, and Defendants' counsel does not oppose this motion.

By: /s/ *Vincent Li*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January 2026, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, which will automatically provide copies to all counsel of record.

By: /s/ *Vincent Li*
Attorney